# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47362-3-II |
| Respondent, | |
| v. | |
| KENNETH GEORGE MADARASH, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Kenneth Madarash appeals his convictions of felony harassment of a criminal justice participant and two counts of gross misdemeanor harassment. We hold that sufficient evidence supported these convictions, and therefore we affirm Madarash's convictions.

## FACTS

On March 28, 2014, Longview police officer James Kelly had contact with Madarash and learned from the Department of Corrections (DOC) that Madarash was under supervision in Clark County and not allowed in Cowlitz County without a trip permit. At that time, DOC officers took Madarash into custody.

On April 4, Kelly was on patrol when he saw a man he recognized as Madarash cross the street without using the crosswalk. Kelly pulled over and asked Madarash to stand in front of his car. When Kelly asked Madarash for identification, Madarash responded, "F*** you, I did nothing wrong." Report of Proceedings (RP) (June 11, 2014) at 75. When Kelly asked Madarash if he had an outstanding arrest warrant, Madarash began walking away down the middle of the street.

Kelly then grabbed Madarash's arm and told him that he was under arrest. When Madarash pulled his arm away and said he was leaving, Kelly grabbed him again. Madarash again pulled away, so Kelly pushed him up against a vehicle and told him to put his arms behind his back. Madarash responded, "F*** you, I am not going to jail." RP (June 11, 2014) at 77. Kelly radioed for backup and took Madarash to the ground where he attempted to handcuff him. At first, Madarash refused to put his hands behind his back and continued to yell at Kelly. He yelled, "You're a f***ing pig and I will kick your ass." RP (June 11, 2014) at 79.

After Kelly handcuffed Madarash, officers Tori Shelton and Chris Angel arrived to assist. They escorted Madarash to Kelly's patrol car. Madarash refused to get in the patrol car and told Angel and Shelton that he was not going to jail. When they began forcing Madarash inside the car, Madarash looked directly at both officers and screamed, "I'm gonna f***ing kill you." RP (June 11, 2014) at 101, 119.

The State charged Madarash with felony harassment against a criminal justice participant for his threat to Kelly and two counts of felony harassment for his threats to kill Angel and Shelton.

Kelly testified at trial that at the time Madarash threatened him, he was afraid that Madarash might follow through on his threat because he did not know what was in Madarash's pockets, Madarash was not in handcuffs yet, and Madarash was actively resisting. Kelly believed that Madarash "could have easily tried to have done something, grabbed something, a weapon or anything like that." RP (June 11, 2014) at 79.

Shelton and Angel testified that they did not fear that Madarash had the present ability to carry out his threat to kill them, but that they were afraid that he might carry out the threat in the future. Both believed that Madarash's threat was serious.

2

A jury found Madarash guilty of felony harassment of Kelly and guilty of the lesser included offenses of harassment by threat of bodily injury of Shelton and Angel. Madarash appeals his convictions.

ANALYSIS

A. STANDARD OF REVIEW

Madarash challenges the sufficiency of the evidence presented on both forms of harassment. The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the fact at issue beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In evaluating a sufficiency of the evidence claim, we assume the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. We defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Id.*

B. LEGAL PRINCIPLES

1. Harassment by Threat of Bodily Injury

A person is guilty of the crime of harassment by threat of bodily injury if that person, (a) without lawful authority, knowingly threatens to "cause bodily injury immediately or in the future to the person threatened or to any other person", and (b) "by words or conduct places the person threatened in reasonable fear that the threat will be carried out." RCW 9A.46.020(1)(a)(i), (b). This offense is a gross misdemeanor. RCW 9A.46.020(2)(a).

Harassment becomes a felony if the person threatens to kill the threatened person. RCW 9A.46.020(2)(b)(ii). Harassment also becomes a felony if the person "harasses a criminal justice participant who is performing his or her official duties at the time the threat is made." RCW

9A.46.020(2)(b)(iii). However, "the fear from the threat must be a fear that a reasonable criminal justice participant would have under all the circumstances" and "[t]hreatening words do not constitute harassment if it is apparent to the criminal justice participant that the person does not have the present and future ability to carry out the threat." RCW 9A.46.020(2)(b).

### 2. True Threat

RCW 9A.46.020 proscribes only "true threats." *State v. Boyle*, 183 Wn. App. 1, 7, 335 P.3d 954 (2014), *review denied*, 184 Wn.2d 1002 (2015). A true threat is a " 'statement made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted . . . as a serious expression of intention to inflict bodily harm upon or to take the life' of another person." *State v. Kilburn*, 151 Wn.2d 36, 43, 84 P.3d 1215 (2004) (internal quotation marks omitted) (quoting *State v. Williams*, 144 Wn.2d 197, 208-09, 26 P.3d 890 (2001)). A statement can constitute a true threat even if the speaker has no actual intent to cause bodily injury. *Kilburn*, 151 Wn.2d at 46. A true threat is one that arouses fear in the person threatened, and that fear does not depend on the speaker's intent. *Id.* Therefore, a statement will be considered a true threat if a "reasonable speaker would foresee that the threat would be considered serious." *State v. Schaler*, 169 Wn.2d 274, 283, 236 P.3d 858 (2010).

## C. FELONY HARASSMENT OF A CRIMINAL JUSTICE PARTICIPANT

Madarash argues that the evidence was insufficient to convict him of felony harassment because a reasonable criminal justice participant would not interpret his words as a threat or believe that he had the present ability to carry out a threat. We disagree.

Kelly testified that he was afraid that Madarash would carry out his threat to injure him. He explained the reasons for his fear: he did not know what was in Madarash's pockets,

4

Madarash was not in handcuffs yet, and was Madarash was actively resisting. As a result, Kelly believed that Madarash could have grabbed a weapon and injured him.

Viewing Kelly's testimony in a light most favorable to the jury's verdict, we hold that sufficient evidence supported findings that Kelly's fear was reasonable and that Kelly reasonably believed that Madarash had the present ability to carry out the threat. Accordingly, we affirm Madarash's conviction for felony harassment.

D.   MISDEMEANOR HARASSMENT

Madarash argues that the evidence was insufficient to convict him of misdemeanor harassment of Officers Shelton and Angel because the only alleged threat was a threat to kill, which the jury rejected when it found him not guilty of felony harassment. Madarash also argues that there was insufficient evidence that his threat placed the officers in reasonable fear that he would injure them or that he had a present or future ability to carry out the threat. We disagree.

First, that the jury found Madarash not guilty of the felony charge indicates only that it did not believe that Madarash actually intended to kill Shelton and Angel. That finding did not foreclose the jury from concluding that Madarash meant only that he was going to injure the officers rather than kill them. Such a conclusion is inherent in the jury finding Madarash guilty of the lesser included offenses of harassment by threat of bodily injury of Shelton and Angel.

Second, both Shelton and Angel testified that they feared that Madarash would carry out his threat in the future. Shelton testified that the anger and rage with which Madarash made his threat caused him serious concerns. The threat appeared sincere to him. In addition, the fact that Madarash had physically resisted Kelly, even though Kelly was bigger and stronger than Shelton, caused him to fear that Madarash would try the same thing with him. Finally, Shelton expressed concern because Longview is a fairly small town and Madarash easily could find him.

Angel also testified that Madarash was angry and upset and that the threat appeared serious. He testified that he was afraid that Madarash might do something in the future because Madarash was looking at him and officer Shelton in the eye and was very direct and pointed in what he said. Angel believed that Madarash meant what he said and "that someday he was gonna see me out on the street and I don't know what's gonna happen, but he said he's gonna kill me, so I have to assume the worst." RP (June 11, 2014) at 120.

Viewing the officers' testimony in a light most favorable to the jury's verdicts, we hold that sufficient evidence supported a finding that Shelton's and Angel's fear was reasonable and that they reasonably believed that Madarash had the future ability to carry out the threat. Accordingly, we affirm Madarash's two convictions for misdemeanor harassment.

We affirm Madarash's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.